BLD-175                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3263
_____

HILTON KARRIEM MINCY,
Appellant

v.

GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA; SECRETARY
PENNSYLVANIA DEPARTMENT OF CORRECTIONS; SUPERINTENDENT OF
SCE-HUNTINGDON; SECRETARY FOR THE PENNSYLVANIA DEPARTMENT
OF HEALTH; KOHLER, Deputy Superintendent for Facilities Management SCI-
Huntingdon; WALTERS, Deputy Superintendent for Centralized Services SCI-
Huntingdon; WALTER HOUSE, Major of the Guard SCI-Huntingdon; CRYSTAL LOY,
Major of Unit Management SCI-Huntingdon; M. GOSS, Unit Manager SCI-Huntingdon

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 1-20-cv-00717)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2022

Before: MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: September 9, 2022)

_____

OPINION*

_____

PER CURIAM

Hilton Mincy, proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his civil rights action. For the reasons that follow, we will affirm the judgment of the District Court.

In April 2020, Mincy, who was then incarcerated at SCI-Huntingdon in Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 against Commonwealth and prison officials and prison employees arising from his conditions of confinement during the COVID-19 pandemic. In his second amended complaint, Mincy alleged that prison policies and practices were inadequate and failed to prevent the spread of COVID-19. He averred, among other things, that the policies did not mandate testing staff and inmates for the virus. He also averred that, contrary to the policies that were established, inmates interacted with inmates outside of their cohorts and staff failed to properly wear personal protective equipment.

Mincy alleged that the inadequate policies and practices resulted in the lock down of the prison in April 2020. He stated that he became infected with COVID-19 at that time and suffered various symptoms, including a fever, shortness of breath, and an

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

irregular heartbeat.  He also exhibited COVID-19 symptoms in June 2020.  Mincy claimed that the defendants acted with deliberate indifference to his health and violated the Eighth and Fourteenth Amendments.  He sought injunctive and declaratory relief, nominal and punitive damages, and the costs of his suit.

The District Court granted the defendants' motion to dismiss the second amended complaint.  It ruled that Mincy had failed to plead facts suggesting that the defendants were deliberately indifferent to the risk of harm presented by COVID-19.  The District Court denied Mincy's motion to file a third amended complaint and concluded that further amendment would be futile.  This appeal followed.[1]  In February 2022, Mincy was released from SCI-Huntingdon.  According to the defendants, he was released to a community corrections facility.  He currently resides in California.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because Mincy is no longer confined at SCI-Huntingdon, his claims for injunctive and declaratory relief related to his conditions of confinement are moot.  See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003).  His damages claims, however, are still justiciable.  Id. at 249.  Our standard of review is plenary.  Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015).

To state an Eighth Amendment claim, a plaintiff must allege that he was incarcerated under conditions imposing a substantial risk of serious harm, and that the defendant was deliberately indifferent to that risk.  Farmer v. Brennan, 511 U.S. 825, 834

---

[1] The District Court also denied Mincy's motion for reconsideration.  Mincy did not file a notice of appeal as to that order so it is not before us.  See Fed. R. App. P. 4(a)(4)(B)(ii).

(1994); Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020). Deliberate indifference requires that a defendant knew of and disregarded an excessive risk to inmate health and safety. Farmer, 511 U.S. at 837. Prison officials who knew of a substantial risk of harm are not liable if they responded reasonably to the risk. Id. at 844.

We agree with the District Court that Mincy did not plead facts suggesting that the defendants acted with deliberate indifference in implementing policies addressing COVID-19. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring sufficient factual matter to state a claim that is plausible on its face). To the extent Mincy contends that the Department of Corrections' policies were inadequate, the District Court noted many preventative measures that were taken from the start of the pandemic, including the suspension of in-person visits, screening of staff for the virus, inmate quarantines, and the provision of masks and cleaning materials. In light of these measures and the unprecedented and evolving nature of the pandemic, Mincy does not have a plausible claim that prison officials disregarded an excessive risk of harm. See Wilson v. Williams, 961 F.3d 829, 841 (6th Cir. 2020) (holding that the Bureau of Prisons was not deliberately indifferent to the risk of harm in light of preventative measures taken in response to COVID-19).

To the extent Mincy avers that officials and staff at SCI-Huntingdon failed to follow all of the Department of Corrections' policies, he does not allege sufficient facts to conclude that these defendants were deliberately indifferent to the risk of harm. See Hope v. Warden York Cty. Prison, 972 F.3d 310, 330 (3d Cir. 2020) (stating that the

4

failure to eliminate all risk of contracting COVID-19 in immigration detention did not establish deliberate indifference). Mincy recognizes that the age and design of SCI-Huntingdon presented unique challenges in responding to COVID-19. The District Court also properly dismissed Mincy's equal protection claim, which lacked supporting factual allegations, and his claims against Governor Tom Wolf and the Secretary of the Pennsylvania Department of Health, which were not based on their personal involvement in the operation of SCI-Huntingdon. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Finally, the District Court did not err in concluding that, in light of the preventative measures that were taken, further amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6.